IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY J. SWICK                              :

      v.                                         : Civil Action No. DKC 2005-3334

UNITED STATES OF AMERICA                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are: (1) Plaintiff's motion to remand (paper 15) and (2) Defendant's motion to dismiss (paper 13). The issues are briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion to remand will be denied and Defendant's motion to dismiss will be granted.

Plaintiff Nancy J. Swick filed suit in the Circuit Court for Prince George's County against Ivonne Muehlenweg, alleging defamation and a violation of federal civil rights, stemming from her termination as a subcontractor OB/GYN Nurse Practitioner at Malcolm Grow Well Women's Clinic on Andrews Air Force Base in October 2004.[1] The case was removed by the United States of

---

[1] Although denominated "Violation of Federal Civil Rights and Laws," the second claim does not identify any particular constitutional provision or statute, and alleges that Lt. Muehlenweg interfered with Plaintiff's "civil rights for respect, pursuit of happiness, due process of law, fair and equitable treatment before the law. LTC Muehlenweg assertion of executive privilege as an agent of the United States Government circumvents
(continued...)

America which asserted that Plaintiff seeks judgment from Lt. Muehlenweg for tortious actions, that Lt. Muehlenweg was acting within the scope of her employment as an employee of the United States, and therefore remedy by suit within the meaning of 28 U.S.C. § 2679(b) (the Federal Tort Claims Act) is the proper course. Pursuant to 28 U.S.C. §§ 2679(b) and (d), the action is deemed a tort action against the United States. The United States then moved to substitute itself as the defendant. Without opposition from Plaintiff, the motion was granted.

The United States has now moved to dismiss Plaintiff's complaint on the ground that the court lacks subject matter jurisdiction because Plaintiff has not exhausted administrative remedies and because the Government has not waived sovereign immunity with regard to the type of claims contained in the complaint. In response, Plaintiff moves to remand the case to state court, arguing that, if this court lacks subject matter jurisdiction, then a remand is appropriate.

As explained in *Maron v. United States*, 126 F.3d 317, 321-22 (4th Cir. 1997):

> The Federal Tort Claims Act (Tort Claims Act), as amended by the Federal Employee Liability

---

$^1$(...continued)
the constitutional right of Ms. Swick." Thus, the court did not construe the complaint as asserting a claim directly under the constitution pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Reform and Tort Compensation Act (FELRTCA), codified at 28 U.S.C. §§ 1346(b), 2671-80, immunizes a federal employee from liability for his "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2679(b)(1).  When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act.  28 U.S.C. § 2679(d)(1).  Once this certification has been made, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court; then the plaintiff's sole route for recovery is the Tort Claims Act.  For many torts the United States has not waived its sovereign immunity through the Tort Claims Act and therefore, the plaintiff cannot recover from the federal government despite the merits of his or her claim.  *See* 28 U.S.C. 2680(h); *see also, e.g., Johnson v. Carter*, 983 F.2d [1316] at 1323 n.9 [(4th Cir. 1993), *overruled on other grounds by Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995)] (dealing with defamation, for which the United States has not waived its sovereign immunity); *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991) (stating that the United States cannot be sued for certain intentional torts).  However, even in cases where the United States has not waived its immunity, the United States must still be substituted and the individual defendant still remains immune from suit if the tort occurred within the scope of employment.  The plaintiff, despite the seeming unfairness, cannot proceed against the individual defendants.  *See United States v. Smith*, 499 U.S. 160, 165, 111 S.Ct. 1180, 1184-85, 113 L.Ed.2d 134 (1991); *Johnson*, 983 F.2d at 1323-24; *Brown*, 949 F.2d at 1012-13 (affirming substitution of United States for the individual defendants even though plaintiffs were barred by sovereign immunity from actually recovering from United States for intentional torts at issue).

3

Thus, Plaintiff's motion to remand, based solely on the Government's assertion that the court lacks subject matter jurisdiction, will be denied. The certification of scope of employment is conclusive concerning removal jurisdiction.

Defendant also correctly moves to dismiss under the FTCA because Plaintiff has not exhausted administrative remedies. Title 28 U.S.C. § 2675 states as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The time for making a claim is set forth in 28 U.S.C. § 2401:[2]

---

[2] There may be additional time for making a claim in a case removed from State court pursuant to 28 U.S.C. § 2679 (d)(5):

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The requirement for timely presenting a claim is absolute:

> We stated in *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986), that the requirement of the filing of a claim by 28 U.S.C. § 2675(a) was "jurisdictional and may not be waived." Of like effect is *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1976). The justification for the strict enforcement of such statutes waiving sovereign immunity is found in *Kielwien*, 540 F.2d at 679, and is because the right to sue the government exists only by virtue of § 2675, which fixes the terms and conditions on which suit may be instituted.

*Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

Beyond the failure to exhaust, however, Defendant argues that the limited waiver of immunity contained in the FTCA does not extend to the intentional torts alleged in Plaintiff's complaint, namely defamation and possibly misrepresentation and interference with contract.

> As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). All waivers of sovereign immunity must be "strictly construed . . . in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). For that reason, it is the plaintiff's burden to show that an unequivocal

5

>   waiver of sovereign immunity exists and that
>   none of the statute's waiver exceptions apply
>   to his particular claim. *Williams v. United
>   States*, 50 F.3d 299, 304 (4th Cir. 1995). If
>   the plaintiff fails to meet this burden, then
>   the claim must be dismissed. *Medina v. United
>   States*, 259 F.3d 220, 223 (4th Cir. 2001).

*Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005), *cert. denied*, 126 S.Ct. 1431 (2006).

Indeed, 28 U.S.C. § 2680(h) provides that:

>   The provisions of this chapter and section
>   1346(b) of this title shall not apply to–
>
>   (h) Any claim arising out of assault, battery,
>   false imprisonment, false arrest, malicious
>   prosecution, abuse of process, libel, slander,
>   misrepresentation, deceit, or interference
>   with contract rights

Many courts have described how this provision blocks suit for defamation and related claims:

>   [T]he doctrine of sovereign immunity bars
>   McGowan's FTCA suit against the United States
>   to the extent that McGowan seeks to recover
>   for defamation. The reach of the FTCA's
>   partial waiver of sovereign immunity is
>   limited by 28 U.S.C. § 2680. *See generally
>   United States v. Gaubert*, 499 U.S. 315, 322,
>   111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). §
>   2680 makes clear that the FTCA does not supply
>   the United States' necessary consent to be
>   sued in respondeat superior if the action is
>   based on "libel [or] slander" committed by a
>   federal employee. 28 U.S.C. § 2680(h); *see
>   also Singleton v. United States*, 277 F.3d 864,
>   872 (6th Cir. 2002). By default, the doctrine
>   of sovereign immunity requires dismissal of
>   McGowan's defamation claims. *See Singleton*,
>   277 F.3d 864 at 872.

6

*McGowan v. United States*, No. 1:05-1369-T-AN, 2006 WL 167466, at *2 (W.D.Tenn. Jan. 20, 2006).  Thus, all of Plaintiff's claims are barred by sovereign immunity.

A separate Order will be entered dismissing the complaint.


                                  /s/
                         DEBORAH K. CHASANOW
                         United States District Judge